UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-2474

LIELT WORKU,

                                              Petitioner,

        versus

JOHN ASHCROFT,

                                              Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A78-615-959)

Submitted:  June 9, 2004          Decided:  August 4, 2004

Before WIDENER, WILKINSON, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Alison J. Brown, MAGGIO & KATTAR, P.C., Washington, D.C., for
Petitioner. Peter D. Keisler, Assistant Attorney General, Jeffrey
J. Bernstein, Senior Litigation Counsel, William K. Olivier, OFFICE
OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Lielt Worku, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture.

In her petition for review, Worku challenges the immigration judge's determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Worku fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the immigration judge's denial of Worku's request for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). Because Worku fails to show that she is

eligible for asylum, she cannot meet the higher standard for withholding of removal.

Finally, to the extent that Worku claims that the Board's use of the summary affirmance procedure as set forth in 8 C.F.R. § 1003.1(e)(4) (2004) violated her rights under the Due Process Clause, we find that this claim is squarely foreclosed by our recent decision in <u>Blanco de Belbruno v. Ashcroft</u>, 362 F.3d 272 (4th Cir. 2004). We further find that summary affirmance was appropriate in this case under the factors set forth in § 1003.1(e)(4).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>